IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DARRYL BRECKENRIDGE**,

            Plaintiff,

vs.                                      Hon. Thomas Ludington
                                                     Case No. 12-11677

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.**,
a foreign corporation,

            Defendants.
_____/

## PLAINTIFF'S MOTION/STATEMENT THAT *DE NOVO* IS THE CORRECT STANDARD OF JUDICIAL REVIEW

Plaintiff, DARRYL BRECKENRIDGE, through his attorneys, ILANA S. WILENKIN and FELDHEIM & WILENKIN, P.C., and pursuant to this Court's June 27, 2012 Scheduling Order, submits the following statement in support of his argument that *de novo* is the correct standard of judicial review that should be applied when reviewing the above-captioned cause:

1) Effective June 1, 2007, the Michigan Office of Financial and Insurance Services ("OFIS") banned the use of discretionary clauses in, *inter alia*, disability policies. Specifically, the OFIS has directed that:

> R 500.2202   Discretionary Clauses Prohibited.
>
> Rule 2.  (a) A discretionary clause unreasonably reduces the risk purported to be assumed in the general coverage of the policy within the meaning of MCL 500.2236(5).
>
> (b) On and after the first day of the first month following the effective date of these rules, an insurer shall not issue, advertise, or deliver to any person in this state a policy, contract, rider, indorsement, certificate,  or similar contract document that contains a discretionary

clause.  This does not apply to a contract document in use before that date, **but does apply to any such document *revised in any respect* on or after that date**.

(c) On and after the first day of the first month following the effective date of these rules, a discretionary clause issued or delivered to any person in this state in a policy, contract, rider, indorsement, certificate, or similar contract document is void and of no effect.  This does not apply to contract documents in use before that date, **but does apply to any such document *revised in any respect* on or after that date**.

(Emphasis added).

2) The regulation does not limit the scope of its prohibition to particular sections of a Plan but, instead, proscribes the presence of discretionary clauses - thus obviating the arbitrary and capricious standard of review - in any policy, contract, rider, indorsement, certificate, or similar contract that is <u>***revised in any aspect after June 1, 2007***</u>.

3) The Dow Chemical Company's Voluntary Group Insurance Policy and Summary Plan Description ("Plan") is an ERISA-governed Plan.

4) The Plan clearly indicates that it was "*Amended and Restated: October 19, 2009 Effective January 1, 2010 and thereafter until superseded.*" (Ex. 1, Plan's cover sheet submitted for Judge Ludington's copy; entire Plan electronically submitted as complete Exhibit).

5) *Am. Council of Life Insurers vs. Ross*, 558 F.3d 600, 609 (6th Cir. Mich. 2009) determined that the "Michigan rules fall within the ambit of ERISA's savings clause and are not preempted by that statute."

2

6) Plaintiff maintains that because the Plan was amended and restated as of October 19, 2009, effective January 1, 2010, R 500.2202 directs that *de novo* is the appropriate standard of review.

7) Plaintiff respectfully requests that this Court utilize a *de novo* standard when reviewing the parties' cross-motions requesting judgment on the administrative record.

**WHEREFORE**, based upon the preceding, Plaintiff proffers that *de novo* is the appropriate standard of review and respectfully requests that this Court employ the same when reviewing the parties' respective cross-motions.

Respectfully submitted:

**FELDHEIM & WILENKIN, P.C.**

By: s/ Ilana S. Wilenkin (P61710)
Plaintiff's Attorney
30300 Northwestern Highway, Suite 108
Farmington Hills, MI 48334-3255
(248) 932-3505; Fax (248) 932-1734

**CERTIFICATE OF SERVICE**

On July 13, 2012, I certify that a copy of the foregoing document was served on all attorneys of record via the ECF system. I declare that the statements are true and accurate to the best of my knowledge and belief.

s/ Ilana S. Wilenkin
Ilana S. Wilenkin (P61710)
Attorney for Plaintiff
30300 Northwestern Hwy., Ste. 108
Farmington Hills, MI 48334
(248) 932-3505; (248) 932-1734
ilana@lawsmf.com

3

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION/STATEMENT THAT *DE NOVO* IS THE CORRECT STANDARD OF JUDICIAL REVIEW**

Plaintiff relies upon the facts, regulations, and case law referenced in his accompanying motion.

Respectfully submitted:

**FELDHEIM & WILENKIN, P.C.**

By: s/ Ilana S. Wilenkin (P61710)
Plaintiff's Attorney
30300 Northwestern Highway, Suite 108
Farmington Hills, MI 48334-3255
(248) 932-3505; Fax (248) 932-1734

**CERTIFICATE OF SERVICE**

On July 13, 2012, I certify that a copy of the foregoing document was served on all attorneys of record via the ECF system. I declare that the statements are true and accurate to the best of my knowledge and belief.

s/ Ilana S. Wilenkin
Ilana S. Wilenkin (P61710)
Attorney for Plaintiff
30300 Northwestern Hwy., Ste. 108
Farmington Hills, MI  48334
(248) 932-3505; (248) 932-1734
ilana@lawsmf.com