UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRYL BRECKENRIDGE,

    Plaintiff,

v.                                                               Case Number 12-11677
                                                                Honorable Thomas L. Ludington
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
a foreign corporation,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR DE NOVO REVIEW**

Plaintiff Darryl Breckenridge was riding his motorcycle on September 10, 2010. As he crossed an intersection, a vehicle failed to yield the right of way. A terrible accident ensued. He broke his left leg and a rib, tore his ACLs in both knees, and fractured his spine in five places. Transported to Covenant HealthCare, Plaintiff was hospitalized for almost three weeks. Upon his discharge, he was deemed paralyzed below his neck, "sensation intact, quadriplegia." Pl.'s Compl. 3. Plaintiff was then transferred to Mary Free Bed Rehabilitation Hospital, where he received treatment for over four months.

Plaintiff's spouse, Sherry Braxton, works for Dow Chemical Company. She is a participant in Dow's Voluntary Group Accident Insurance Policy, an insurance plan sponsored by Dow, underwritten by Defendant National Union, and administered by Chartis Casualty Company. Due to Plaintiff's relationship with Ms. Braxton, he is a named insured under the plan. Spouses of Dow employees are entitled to a one-time payment of $250,000 if an accident renders them a quadriplegic. Pursuant to that coverage, Plaintiff submitted an application for benefits, which Dow processed and forwarded to Defendant.

On May 27, 2011, Dr. Leonid Topper reviewed Plaintiff's records, and determined he was not a paraplegic or quadriplegic as defined by the plan.  Defendant then denied Plaintiff's claim for benefits, asserting that his injuries did not result in complete and irreversible quadriplegia, paraplegia, hemiplegia, or uniplegia.  Plaintiff appealed the decision, but was again denied benefits on April 16, 2012.  Plaintiff then brought the instant action before this Court.

On June 28, 2012, the Court issued an ERISA scheduling order directing the parties to file a statement addressing the appropriate standard of review on or before July 23, 2012.  ECF No. 7.  Plaintiff filed a motion suggesting a *de novo* review on July 13, 2012, and Defendant filed a statement in support of the application of an arbitrary and capricious standard of review on July 23, 2012.

A participant or beneficiary of an ERISA qualified plan may file suit in federal court to recover benefits under the terms of a qualified plan. 29 U.S.C. § 1132(a)(1)(B). Courts review the denial under a *de novo* standard of review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).  If a plan includes such discretionary authority, then a more deferential "arbitrary and capricious" standard applies.  *Yeager v. Reliance Standard Life Insurance Co.,* 88 F.3d 376, 381 (6th Cir.1996).)

However, as of July 1, 2007, the Michigan Office of Financial and Insurance Services ("OFIS") prohibited insurance policies authorizing discretionary authority provisions that would implicate an arbitrary and capricious standard of review. Mich. Admin. Code R. 500.2201-02 (2012).  The code provides:

> (b) [After July 1, 2007], an insurer shall not issue, advertise, or deliver to any person in this state a policy, contract, rider, indorsement, certificate, or similar contract document that contains a discretionary clause. This does not apply to a contract document in use before that date, but does apply to any such document revised in any respect on or after that date.
>
> (c) [After July 1, 2007], a discretionary clause issued or delivered to any person in this state in a policy, contract, rider, indorsement, certificate, or similar contract document is void and of no effect. This does not apply to contract documents in use before that date, but does apply to any such document revised in any respect on or after that date.

Mich. Admin. Code R. 500.2202. Discretionary clauses either provide for a standard of review on appeal that gives deference to the original claim decision, *id*. at R. 500.2201(c)(vi), or provide for a standard of review on appeal other than *de novo* review. *Id*. at R. 500.2201(c)(vii). The Michigan code prohibits these clauses in *any* policy, contract, rider, indorsement, certificate, or similar contract that is revised after July 1, 2007. *Id*. at R. 500.2202(b-c).

Under its express preemption clause, ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). But ERISA contains a savings provision that maintains, "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A).

In *American Council of Life Insurers vs. Ross*, 558 F.3d 600 (6th Cir. 2009), the Sixth Circuit considered the interplay between ERISA and the Michigan code. The plaintiff, American Counsel of Life Insurers, filed suit against defendant Ken Ross, the Commissioner of OFIS. The plaintiff claimed that the Michigan code is preempted by ERISA because it interferes with the statute's objectives, and that the rules do not fall within the ambit of ERISA's savings clause. *Id*. at 603. Squarely addressing the present issue, the court determined that the "Michigan rules fall

within the ambit of ERISA's savings clause and are not preempted by that statute." *Id*. at 609. Accordingly, the court declared that ERISA plans in Michigan are subject to Michigan's rules, as outlined above. *Id*. Therefore, any ERISA plans issued or amended after July 1, 2007 require "*de novo* review of denials of ERISA benefits within Michigan." *Gray v. Mut. of Omaha Life Ins. Co.*, 2012 WL 2995469, *3 (E.D. Mich. 2012).

The Dow Chemical Company's Voluntary Group Insurance Policy and Summary Plan Description ("the Plan") is an ERISA-governed Plan. The Plan language states that it was "Amended and Restated: October 19, 2009 — Effective January 1, 2010 and thereafter until superseded." ECF No. 10, Ex. 1. The Plan was amended after July 1, 2007, and is therefore governed by Rule 500.2202. The fact that the discretionary language included in the Plan has been in place since 1999 is, of course, of no consequence. Because the Court finds that the policy was revised after July 1, 2007, a *de novo* standard of review applies. *See Pierzynski v. Liberty Life Assur. Co. of Boston*, 2012 WL 3248238, *4 (E.D. Mich. 2012)

Accordingly, it is **ORDERED** that Plaintiff's motion for *de novo* review, ECF No. 7, is **GRANTED**.

Dated: September 19, 2012                               /s Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

**PROOF OF SERVICE**

The undersigned certifies tat a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 19, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS